UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MANUEL LORA,                                              :
                                                         :
                                  Plaintiff,             :            14CV8121(VC)
                                                         :
                    - against -                          :            COMPLAINT AND
                                                         :            DEMAND FOR JURY TRIAL
THE CITY OF NEW YORK, DUSTIN GENCO                        :
and MARTIN MARINEZ, In Their Individual                  :            ECF CASE
Capacities and in Their Official Capacities,             :
                                                         :
                                  Defendants             :
-------------------------------------------------------------------x

        Plaintiff, by his attorneys, Michelstein & Associates, PLLC, complaining of the

defendants, alleges:

## NATURE OF THE ACTION

        1.  This is a civil rights action to redress the defendants' violation of the rights accorded

to plaintiff Manuel Lora by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of

the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws and

Constitution of the State of New York.

        2.  Plaintiff Manuel Lora was lawfully present on Matthews Avenue, near the corner of

Brady Avenue in the Bronx, New York, on August 6, 2013, when he was arrested by defendants

Dustin Genco and Martin Marinez, who are New York City police officers, detained in front of a

building at 2160 Matthews Avenue, Bronx, New York, transported to a police precinct, where he

was imprisoned for several hours, then transported to the facility known as the Tombs, where he

continued to be imprisoned.  On August 7, 2013, defendant Dustin Genco instituted a criminal

proceeding against the plaintiff in the Criminal Court of the City of New York, County of New York,

accusing the plaintiff of the crimes of Criminal Possession of a Controlled Substance in the First

Degree, Criminal Possession of a Controlled Substance in the Third Degree, Criminally Using Drug Paraphernalia in the Second Degree. Plaintiff remained imprisoned on these charges until December 6, 2013, when he was released on his own recognizance. On January 31, 2014, the charges against him were dismissed.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4),  42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiff's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that the all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Dustin Genco and Martin Marinez can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Manuel Lora is an individual who resides in the County of New York, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Dustin Genco is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Dustin Genco was acting within the scope of his employment by defendant The City of New York.

11. Defendant Martin Marinez is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officers.

12. At all times relevant herein, defendant Martin Marinez was acting within the scope of his employment by defendant The City of New York.

## NOTICE OF CLAIM

13. On February 7, 2014, and within ninety days of the accrual of the causes of action herein, plaintiff Manuel Lora served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

14. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

15. Plaintiff incorporates by reference paragraphs 1 through 14 of this complaint as though the same were set forth fully herein.

16. On August 6, 2013, plaintiff Manuel Lora was lawfully present on the sidewalk on Matthews Avenue, in the County of the Bronx, City and State of New York.

17. On August 6, 2013, on Matthews Avenue, in the County of the Bronx, City and State of New York, defendants Dustin Genco and Martin Marinez approached plaintiff Manuel Lora and subjected the plaintiff to a pat-down search.

18. Defendant Martin Marinez detained plaintiff Manuel Lora at the above described location.

19. Defendant Dustin Genco subsequently asked plaintiff Manuel Lora to sign a document permitting the defendants to search an apartment in the building located at 2160 Matthews Avenue in the Bronx.

20. Plaintiff Manuel Lora was not a resident of the apartment in the building located at 2160 Matthews Avenue in the Bronx.

21. Plaintiff Manuel Lora declined to sign the document permitting the police officers to search the apartment in the building located at 2160 Matthews Avenue in the Bronx.

22. Defendants Dustin Genco and Martin Marinez thereupon arrested plaintiff Manuel Lora.

23. Defendants Dustin Genco and Martin Marinez did not have a warrant or other legal process authorizing the arrest of plaintiff Manuel Lora.

24. Plaintiff Manuel Lora was subjected to a second pat-down search and was handcuffed.

25. Defendants Dustin Genco and Martin Marinez placed plaintiff Manuel Lora in a vehicle and conducted him to the building at 2160 Matthews Avenue, where the defendants detained the plaintiff for an extended period of time.

26.  Plaintiff Manuel Lora was subsequently transported to a police precinct, where he was imprisoned for a number of hours.

27.  Plaintiff Manuel Lora was subsequently transported to the facility known as the Tombs, where he continued to be imprisoned.

28.  On information and belief, on August 7, 2013, defendant Dustin Genco falsely informed an Assistant District Attorney in the office of the Special Narcotics Prosecutor for the City of New York that plaintiff Manuel Lora had exercised dominion and control of more than eight ounces of heroin and other items used to package narcotics in an apartment in the building located at 2160 Matthews Avenue in the County of Bronx, City and State of New York.

29.  On August 7, 2013, defendant Dustin Genco instituted a criminal proceeding against plaintiff Manuel Lora in the Criminal Court of the City of New York, County of New York, accusing plaintiff Manuel Lora of the crimes of Criminal Possession of a Controlled Substance in the First Degree, Criminal Possession of a Controlled Substance in the Third Degree, and Criminally Using Drug Paraphernalia in the Second Degree.

30.  On August 7, 2013, plaintiff Manuel Lora was arraigned before a judge of the Criminal Court of the City of New York, County of New York, and imprisoned in lieu of bail.

31.  As a result of the criminal prosecution instituted by defendant Dustin Genco, plaintiff Manuel Lora was imprisoned first at the facility known as the Tombs, and subsequently at the George Motchan Detention Center on Rikers Island.

32.  Plaintiff Manuel Lora was subsequently indicted by a Grand Jury for the crimes of Criminal Possession of a Controlled Substance in the First Degree, Criminal Possession of a Controlled Substance in the Third Degree, and Criminally Using Drug Paraphernalia in the Second Degree.

33.  On or about December 6, 2013, a judge of the Supreme Court of the State of New York, County of New York, upon inspecting the minutes of the Grand Jury testimony, ruled that there was insufficient evidence before the Grand Jury to support the charges against plaintiff Manuel Lora, and released the plaintiff in his own recognizance.

34.  On January 31, 2014, the indictment against plaintiff Manuel Lora was dismissed.

## COUNT ONE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

35.  Plaintiff incorporates by reference paragraphs 1 through 34 of this complaint as though the same were set forth fully herein.

36.  The seizure, detention, arrest, and imprisonment of plaintiff Manuel Lora by defendants Dustin Genco and Martin Marinez were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

37.  The seizure, detention, arrest, and imprisonment of plaintiff Manuel Lora were made without probable cause to believe that he had committed a crime or offense.

38.  The charges upon which defendants Dustin Genco and Martin Marinez arrested plaintiff Manuel Lora were false.

39.  The charges were made by defendants Dustin Genco and Martin Marinez against plaintiff Manuel Lora with knowledge that they were false.

40.  Plaintiff Manuel Lora was aware of his seizure, detention, arrest and imprisonment by defendants Dustin Genco and Martin Marinez.

41.  Plaintiff Manuel Lora did not consent to his seizure, detention, arrest or imprisonment.

42. As a result of the foregoing, plaintiff Manuel Lora was deprived of his liberty, was imprisoned and was subjected to mental and physical distress, embarrassment and humiliation.

43. The seizure, detention, arrest and imprisonment of plaintiff Manuel Lora deprived him of his right to be free of unreasonable searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

44. Defendants Dustin Genco and Martin Marinez were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Manuel Lora.

45. Defendants Dustin Genco and Martin Marinez deprived plaintiff Manuel Lora of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Manuel Lora on false criminal charges.

## COUNT TWO
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

46. Plaintiff incorporates by reference paragraphs 1 through 45 of this Complaint as though the same were set forth fully herein.

47. The criminal charges brought by defendant Dustin Genco against plaintiff Manuel Lora were false.

48. Defendant Dustin Genco instituted the criminal proceeding against plaintiff Manuel Lora with knowledge that the charges were false.

49. Defendant Dustin Genco instituted the criminal proceeding against plaintiff Manuel Lora without probable cause to believe that plaintiff Manuel Lora had committed the crimes charged.

50. Defendant Dustin Genco was acting with malice when he commenced the criminal proceeding against plaintiff Manuel Lora.

51. The criminal proceeding instituted by defendant Dustin Genco against plaintiff Manuel Lora was terminated in plaintiff Manuel Lora's favor.

52. Defendant Dustin Genco was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Special Narcotics Prosecutor for the City of New York that plaintiff Manuel Lora had exercised dominion and control of more than eight ounces of heroin and other items used to package narcotics in an apartment in the building located at 2160 Matthews Avenue in the County of Bronx, City and State of New York.

53. Defendant Dustin Genco was acting under color of state law when he commenced a criminal proceeding against plaintiff Manuel Lora.

54. Defendant Dustin Genco deprived plaintiff Manuel Lora of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Manuel Lora on false criminal charges.

## COUNT THREE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

55. Plaintiff incorporates by reference paragraphs 1 through 54 of this Complaint as though the same were set forth fully herein.

56. The acts complained of were carried out by the individual defendants in their capacities as police officers and employees of defendant The City of New York, with all the actual

and/or apparent authority attendant thereto.

57. The acts complained of were carried out by the individual defendants in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

58. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth Amendment of the Constitution of the United States.

59. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth Amendment of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

(d) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

(e) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth Amendment of the Constitution of the United States;

60. The arrest, detention, imprisonment, and prosecution of plaintiff Manuel Lora on false criminal charges resulted from the failure of defendant The City of New York properly to train,

supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

61. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

62. Defendant The City of New York deprived plaintiff Manuel Lora of his right to be free of unreasonable searches and seizures and to be secure in his person guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the requirements for warrantless arrests and the standards of probable cause for warrantless arrests.

63. The aforesaid conduct of defendant The City of New York violated plaintiff Manuel Lora's rights under 42 U.S.C. §1983 and the Fourth Amendment of the Constitution of the United States.

## COUNT FOUR
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

64. Plaintiff incorporates by reference paragraphs 1 through 63 of this Complaint as though the same were set forth fully herein.

65. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police

Department's own observations, that defendants Dustin Genco and Martin Marinez are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

66. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

67. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

68. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Manuel Lora would be violated.

69. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Manuel Lora.

70. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

71. Defendant The City of New York deprived plaintiff Manuel Lora of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not bo be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to

investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT FIVE
### FALSE IMPRISONMENT UNDER *BIVENS v. SIX UNKNOWN NAMED AGENTS OF FEDERAL BUREAU OF NARCOTICS*

72. Plaintiff incorporates by reference paragraphs 1 through 71 of this Complaint as though the same were set forth fully herein.

73. Upon information and belief, at all times relevant herein, defendant Dustin Genco was a deputized member of the New York Drug Enforcement Task Force under the supervision and direction of the United States Drug Enforcement Administration.

74. Upon information and belief, at all times relevant herein, defendant Martin Marinez was a deputized member of the New York Drug Enforcement Task Force under the supervision and direction of the United States Drug Enforcement Administration.

75. Upon information and belief, defendants Dustin Genco and Martin Marinez were acting under color of federal law when they seized, detained, arrested and imprisoned plaintiff Manuel Lora.

76. Defendants Dustin Genco and Martin Marinez deprived plaintiff Manuel Lora of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of federal law by seizing, detaining, arresting and imprisoning plaintiff Manuel Lora on false criminal charges.

## COUNT SIX
### MALICIOUS PROSECUTION UNDER *BIVENS v. SIX UNKNOWN NAMED AGENTS OF FEDERAL BUREAU OF NARCOTICS*

77. Plaintiff incorporates by reference paragraphs 1 through 76 of this Complaint as though the same were set forth fully herein.

78.  Upon information and belief, defendant Dustin Genco was acting under color of federal law when he falsely informed an Assistant District Attorney in the office of the Special Narcotics Prosecutor for the City of New York that plaintiff Manuel Lora had exercised dominion and control of more than eight ounces of heroin and other items used to package narcotics in an apartment in the building located at 2160 Matthews Avenue in the County of Bronx, City and State of New York.

79.  Upon information and belief, defendant Dustin Genco was acting under color of federal law when he commenced a criminal proceeding against plaintiff Manuel Lora.

80.  Defendant Dustin Genco deprived plaintiff Manuel Lora of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of federal law by commencing a criminal proceeding against plaintiff Manuel Lora on false criminal charges.

## COUNT SEVEN
## COMMON LAW ASSAULT AND BATTERY

81.  Plaintiff incorporates by reference paragraphs 1 through 80 of this Complaint as though the same were set forth fully herein.

82.  Defendants Dustin Genco, Martin Marinez and the City of New York committed an assault and battery on the person of plaintiff Manuel Lora by handcuffing his wrists.

83.  As a result of the foregoing, plaintiff Manuel Lora was injured.

84.  As a result of the foregoing, plaintiff Manuel Lora experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT EIGHT
## COMMON LAW ASSAULT AND BATTERY

85. Plaintiff incorporates by reference paragraphs 1 through 84 of this Complaint as though the same were set forth fully herein.

86. Defendants Dustin Genco, Martin Marinez and The City of New York committed an assault and battery on the person of plaintiff Manuel Lora by subjecting him to a pat-down search.

87. As a result of the foregoing, plaintiff Manuel Lora experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT NINE
## COMMON LAW FALSE IMPRISONMENT

88. Plaintiff incorporates by reference paragraphs 1 through 87 of this Complaint as though the same were set forth fully herein.

89. Defendants Dustin Genco, Martin Marinez and The City of New York falsely imprisoned plaintiff Manuel Lora by seizing, detaining, arresting and imprisoning him on false criminal charges.

90. As a result of the foregoing, plaintiff Manuel Lora was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT TEN
## COMMON LAW MALICIOUS PROSECUTION

91. Plaintiffs incorporate by reference paragraphs 1 through 90 of this Complaint as though the same were set forth fully herein.

92. Defendants Dustin Genco and The City of New York maliciously prosecuted plaintiff Manuel Lora on false criminal charges of Criminal Possession of a Controlled Substance

in the First Degree, Criminal Possession of a Controlled Substance in the Third Degree, and Criminally Using Drug Paraphernalia in the Second Degree.

  93. As a result of the criminal proceeding instituted by defendants Dustin Genco and The City of New York, plaintiff Manuel Lora was subjected to mental and physical distress and was exposed to public ridicule, scorn, humiliation and embarrassment.

<strong>PRAYER FOR RELIEF</strong>

  WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

  A. Award plaintiff Manuel Lora compensatory damages to be determined by the jury at the time of trial;

  B. Award plaintiff Manuel Lora  punitive damages to be determined by the jury at the time of trial;

  C. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

  D. Grant such further relief as the Court deems necessary and proper.

<strong>JURY TRIAL DEMANDED</strong>

  The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
   October 7, 2014

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
  STEVEN M. MICHELSTEIN (SM3323)
  Attorneys for Plaintiff
  485 Madison Avenue
  New York, New York 10022
  malaw485@yahoo.com
  (212) 588-0880